UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                         :
TYRELL SMALL,                                            :
                                                         :
                              Plaintiff,    :            1:21-cv-1527-GHW
                                                         :
           -against-                        :            MEMORANDUM
                                                         :            OPINION AND ORDER
CITY OF NEW YORK and VALERIE PAUL,          :
                                                         :
                              Defendants.   :
                                                         :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

Plaintiff Tyrell Small alleges that while he was working as a teacher for the New York

Department of Education (the "DOE"), he suffered discriminatory behavior from one of his

fourth-grade students based on his perceived sexual orientation. Small reported the incidents to

Defendant Valerie Paul, the principal at his school, but Paul did not discipline the student. Small

was placed on a teacher improvement plan following accusations that Small pushed and verbally

abused the student whose behavior he had previously reported. Small filed an improper

investigation grievance with his union to challenge the disciplinary action. Ten days later, Small

received a notice that he would be terminated, and he was officially terminated a month after getting

the notice. Small alleges that Defendants discriminated against him based on his perceived sexual

orientation, that he suffered a hostile work environment, and that Defendants retaliated against him

for reporting his student's behavior. Defendants moved to dismiss all of Small's claims. Because

Small has not adequately alleged that any of Defendants' conduct was motivated by his perceived

sexual orientation, Defendants' motion to dismiss is GRANTED.

# I.     BACKGROUND

## A.  Facts[1]

Tyrell Small began working for the DOE as a general education teacher in the fall of 2016. Addendum to the Federal Complaint ("Addendum"), Dkt. No. 2, ¶ 1.  Small received a "highly effective" overall rating for his first school year, and an "effective" rating for the next two school years.  *Id.* ¶¶ 2–4.  For the 2019–2020 school year, Small voluntarily joined PS 312 in Queens, New York as a probationary teacher.  *Id.* ¶ 5.  Valerie Paul was the principal of PS 312.  *Id.*  Small was initially assigned to teach a third-grade class but took over a fourth-grade class early in the school year at Paul's request.  *Id.*  Paul observed Small's teaching on November 4, 2019 and January 14, 2020.  *Id.* ¶ 6.  Small received an "effective" rating for each observation.  *Id.*

In October 2019, one of Small's students called him gay.  *Id.* ¶ 7.  Small reported the incident to Paul in front of his paraprofessional.  *Id.*  In response, Paul asked, "what did you do to him?"  *Id.*  Paul took no action to address the student's behavior.  *Id.*  On January 22, 2020, the same student threatened Small, stating that "he would slap the gay out of [him]."  *Id.*  In January or February 2020, the student called Small a "gay n*****."  *Id.* ¶ 8.  On February 7, 2020, the student slapped Small in the face with an article of clothing while he was walking up the stairs in the hallway.  *Id.* ¶ 7.  On April 15, 2020, during remote learning, the student submitted an assignment to Small on which the student wrote, "I am tired of this f****** work, gay f*****."  *Id.* ¶ 8.  Small reported each of these incidents to Paul but Paul took no action to discipline the student or otherwise try to correct the misbehavior.  *Id.* ¶¶ 7–8.  After reporting the April incident, Paul questioned Small in an accusatory manner.  Compl., Dkt. No. 2, at 5.

---

[1] Unless otherwise noted, the facts are taken from the complaint and are accepted as true for the purposes of this motion.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On February 16, 2020, Small received a disciplinary notice that was dated February 12, 2020, which scheduled a meeting with Paul for February 26, 2020. *Id.* ¶ 9. After the disciplinary meeting, Small received a disciplinary letter dated February 27, 2020, which contained allegations of corporal punishment and verbal abuse; Small had allegedly pushed the same student whose comments Small had reported. *Id.* ¶ 10. Small maintains that the allegations of corporal punishment and verbal abuse are false. *See id.*

A day later, on February 28, 2020, Paul placed Small on a teacher improvement plan. *Id.* ¶ 11. In response, Small filed an improper investigation grievance through his union on March 10, 2020. *Id.* ¶ 12. The same day, Paul observed Small's teaching and showed him a draft observation report which rated Small as developing or ineffective in all categories. *Id.* ¶ 13. A Step 1 grievance meeting was held with Paul on March 13, 2022. *Id.* ¶ 12.

Small received a notice of discontinuance on March 20, 2020, which set his last day of employment as April 20, 2020. *Id.* ¶ 14. Small was officially discontinued and terminated on April 20, 2020. *Id.* ¶ 15. Small alleges that at least three other probationary teachers, who were perceived as gay, were not discontinued. *See* New York State Division of Human Rights Form (the "NYS Complaint Form"), Dkt. No. 2, at 13.

### B. Procedural History

After receiving a right-to-sue letter from Equal Employment Opportunity Commission on February 2, 2021, Small commenced this action against Paul and the DOE on February 19, 2021. Equal Employment Opportunity Commission Dismissal and Notice of Rights, Dkt. No. 2. Small asserts claims of discrimination based on his perceived sexual orientation, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

On March 2, 2021, the Court dismissed Plaintiff's claims against the DOE and added the

City of New York as a defendant under Fed. R. Civ. P. 21.  Dkt. No. 6.  On July 7, 2021, Defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Dkt. No. 18.  On August 3, 2021, Small filed a memorandum of law in opposition.  Opp'n, Dkt. No. 20.  Defendants filed a reply on August 23, 2021.  Dkt. No. 55.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  A complaint must therefore contain more than "naked assertion[s] devoid of further factual enhancement."  Pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (alterations in original) (quoting

4

*Iqbal*, 556 U.S. at 678–79).   Thus, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss.  *Iqbal*, 556 U.S. at 678 (alteration in original) (citing *Twombly*, 550 U.S. at 555, 557).

On a motion to dismiss, a court must generally "limit itself to the facts stated in the complaint." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006) (quoting *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)).  In that context, "[a] court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side."  *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).   "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits.  The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it."  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) (emphasis in original).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  As the Second Circuit recently reaffirmed in *Lynch*, "[i]t is well established that a pleading is deemed to include any 'written instrument' that is attached to it as 'an exhibit,' or is incorporated in it by reference." *Lynch*, 952 F.3d at 79 (citations omitted).  Courts may also consider "matters of which judicial notice may be taken."  *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

Because Small is proceeding *pro se*, the Court must liberally construe his submissions and interpret them "to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also,*

*e.g.*, *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests." (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))).  Courts must afford *pro se* plaintiffs "'special solicitude' before granting motions to dismiss." *Quadir v. New York State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).  Even so, "dismissal of a pro se complaint is . . . appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

Small makes new factual allegations for the first time in opposition to Defendants' motion to dismiss.  Because Small is proceeding *pro se*, the Court may consider new facts raised in opposition papers to the extent that they are consistent with the complaint, treating the new factual allegations as amending the original complaint. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *Brooks v. Jackson*, No. 11-cv-6627, 2013 WL 5339151, at *3 (S.D.N.Y. Sept. 23, 2013) ("[B]ecause a *pro se* plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual allegations made in a *pro se* plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint.").  Because the factual allegations in Small's opposition are consistent with the complaint, the Court has considered those allegations in deciding this motion.

## III.   DISCUSSION

### A.   Small's Title VII Claims

As an initial matter, Small's Title VII claims against Paul are dismissed with prejudice because "individuals are not subject to liability under Title VII." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); *Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 641 F. App'x

60, 62 (2d Cir. 2016) (summary order) ("[W]e affirm the dismissal of all Title VII claims against defendants sued in their individual capacities because Title VII does not provide for individual liability.").

### 1.   Perceived Sexual Orientation Discrimination

Small fails to adequately plead a Title VII discrimination claim.  Discrimination on the basis of sexual orientation is prohibited under Title VII. *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1754 (2020).  Title VII also extends to claims based on perceived sexual orientation.  *See Sanderson v. Leg Apparel LLC*, No. 1:19-cv-08423, 2020 WL 3100256, at *9 (S.D.N.Y. June 11, 2020) (collecting cases).  To state a prima facie case of discrimination under Title VII, a plaintiff must allege "(1) that she is a member of a protected class, (2) that she was qualified for the position . . . , (3) that she suffered an adverse employment action, and (4) [that she] can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015).

Small has adequately pleaded that he is a member of a protected class based on his perceived sexual orientation. *See Sanderson*, 2020 WL 3100256, at *9.  Additionally, given his years of experience teaching for the DOE, Small has also alleged that he was qualified for his position.

Small's discrimination claim fails, however, because he does not plausibly allege that Defendants discriminated against him due to his perceived sexual orientation.  "[T]he 'ultimate issue' in an employment discrimination case is whether the plaintiff has met her burden of proving that the adverse employment decision was motivated at least in part by an 'impermissible reason,' i.e., a discriminatory reason." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (quoting *Stratton v. Dep't for the Aging for City of N.Y.*, 132 F.3d 869, 878 (2d Cir. 1997)).  "A plaintiff can meet that burden through direct evidence of intent to discriminate or by indirectly showing circumstances giving rise to an inference of discrimination." *Id.* (citations omitted).  "A plaintiff may

prove discrimination indirectly either by . . . showing that the employer's stated reason for its employment action was pretext to cover up discrimination or by otherwise creating a mosaic of intentional discrimination by identifying bits and pieces of evidence that together give rise to an inference of discrimination." *Id.* (citations omitted). "At the pleading[] stage . . . a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.*

"An inference of discrimination can arise from circumstances including . . . 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)). "[A]n inference of discrimination also arises when an employer replaces a terminated or demoted employee with an individual outside the employee's protected class." *Id.* at 312–13 (citations omitted). Still, a plaintiff must plausibly allege that her protected characteristic was causally linked to the adverse employment action. "Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude." *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002). Thus, courts should not "consider[] personnel decisions that" are not "link[ed] or correlat[ed] to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals." *Id.* (citations omitted).

In applying these standards, courts must also keep in mind that "while 'the central statutory purpose of Title VII was eradicating discrimination' in employment, Title VII 'does not set forth a general civility code for the American workplace.'" *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166,

176 (2d Cir. 2012) (brackets omitted) (first quoting *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 771 (1976); and then quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

Outside of Small's conclusory allegation that he was "discriminated against based on the perception that [he is] gay," Addendum ¶ 18, the complaint is devoid of any factual allegations supporting the inference that Defendants discriminated against Small due to his perceived sexual orientation. The only expressly discriminatory conduct alleged in the complaint is that of Small's student. Small does not allege that Defendants made any discriminatory comments about, or even any mention of, Small's perceived sexual orientation. Nor does Small allege that his position was filled by an individual outside of his protected class. "No one particular type of proof is required to support an inference of discrimination, but a plaintiff's mere subjective belief that he was discriminated against will not sustain a claim." *Henry v. McDonald*, 531 F. Supp. 3d 573, 586 (E.D.N.Y. 2021).

Small argues that the complaint states "multiple incidents in which [the] administration purposefully failed to take any corrective action with regard to how [he] was treated" by the student who was harassing him. Opp'n at 7. In addition, Small alleges that Paul questioned him in an "accusatory" manner and asked Small "what did you do to him?" when Small reported his student's misconduct. Compl. at 5; Addendum ¶ 7. Again, however, Small does not allege any facts that give rise to an inference that Paul's failure to discipline the student was motivated by Small's perceived sexual orientation. As alleged, Paul made no reference to Small's perceived sexual orientation when questioning Small, nor is there any other suggestion that Paul's response was a product of discrimination. Consequently, the Court cannot infer that Paul refused to discipline the student due to Small's perceived sexual orientation merely because he questioned Small in an accusatory manner.

Finally, Small alleges that Defendants issued a disciplinary notice and a disciplinary letter to his file "intentionally so as to belittle [him] based on [his] sexuality." Opp'n at 7. Yet, the complaint

states that the disciplinary action, and Small's ultimate firing, were in response to allegations of

corporal punishment and verbal abuse toward the student who was making discriminatory

comments to Small.  Although Small asserts that the allegations are "false," Small does not allege any

facts to support an inference that the investigation and resulting discipline were motivated by Small's

perceived sexual orientation rather than a good-faith effort to investigate whether Small had pushed

a student.  Small's conclusory allegation that Defendants took this action "based on [his] sexuality"

is insufficient, standing alone, to plausibly allege that Defendants' actions were motivated at least in

part by a discriminatory reason.

Nor has Small sufficiently alleged that similarly situated employees outside his protected

class were treated more favorably.  A plaintiff alleging that her "employer treated her less favorably

than a similarly situated employee outside her protected group" must allege that "she was similarly

situated in all material respects to the individuals with whom she seeks to compare herself."

*Littlejohn*, 795 F.3d at 312 (quoting *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)).  "An

employee is similarly situated to co-employees if they were (1) 'subject to the same performance

evaluation and discipline standards' and (2) 'engaged in comparable conduct.'"  *Ruiz v. Cnty. of*

*Rockland*, 609 F.3d 486, 493–94 (2d Cir. 2010) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40

(2d Cir. 2000)).  The alleged comparator must be similar enough "to support at least a minimal

inference that the difference of treatment may be attributable to discrimination."  *McGuinness v.*

*Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001).

Small fails to allege that he was similarly situated in all material respects to the individuals

with whom he seeks to compare himself.  In the NYS Complaint Form attached to Small's

complaint, Small contends that three "[p]robationary teachers, not perceived as gay," were treated

better than him.  NYS Complaint Form at 20.  Further, in his opposition brief, Small asserts:

> I have witnessed instances where at least three other male staff members . . . have
> not been reprimanded for classroom management despite misbehaving students in

their classes.  However, every single time I complained, or spoke with the
administration, I was pulled into the office and talked down to.  Administration
always had an unwelcoming disposition whenever I would need to report any
information whether it was for my team or just for individual purposes.  Any request
or suggestions I made had to go through a long process, which was made to deter
me from asking or wanting support with anything.  However, when any of these staff
members would make requests, their suggestions were received well.

Opp'n at 7.

Small's allegations lack any information about the alleged comparators, beyond that they are

outside of Small's protected class and were treated differently.  In particular, Small does not allege

that any of the comparators were similarly accused of physically or verbally abusing their students.

Because Small has not alleged that the three probationary teachers and three male staff members

were similarly situated to him in all material respects, Small's allegations do not support an inference

of discrimination based on his perceived sexual orientation.  *See Karunakaran v. Borough of Manhattan*

*Cmty. Coll.*, No. 18-cv-10723, 2021 WL 535490, at *5 (S.D.N.Y. Feb. 12, 2021) ("Simply arguing that

employees not in her protected groups were treated differently is not sufficient without pleading

additional details about specific events and without pleading additional facts that [Plaintiff] was

similarly situated in all material respects to those comparator employees.").

Accordingly, because Small fails to plead factual allegations that support a minimal inference

of discriminatory motivation for any of Defendants' conduct, Small's Title VII discrimination claim

is dismissed.

## 2.    Hostile Work Environment

Small's Title VII hostile work environment claim is inadequately pleaded.  To state a claim

for hostile work environment under federal law, a plaintiff must allege that his "workplace is

permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or

pervasive to alter the conditions of the victim's employment and create an abusive working

environment."  *Littlejohn*, 795 F.3d at 320–21 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21

(1993)); *see also Bentley v. AutoZoners, LLC*, 935 F.3d 76, 90 (2d Cir. 2019). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Littlejohn*, 795 F.3d at 321 (quoting *Raspardo v. Carlone*, 770 F.3d 97, 114 (2d Cir. 2014)).

The Second Circuit "has not addressed whether student-on-teacher harassment can give rise to a hostile work environment claim." *Das v. Consol. Sch. Dist. of New Britain*, 369 F. App'x 186, 190 (2d Cir. 2010) (summary order). Yet, "courts in this Circuit have acknowledged that pervasive student-on-teacher harassment could satisfy a hostile work environment claim." *Karunakaran*, 2021 WL 535490, at *7 (collecting cases). "To prove a hostile work environment claim based on student-on-teacher harassment, a plaintiff must show 'first that a hostile environment existed and second that the school board either provided no reasonable avenue of complaint or knew of the harassment and failed to take appropriate remedial action.'" *Berger-Rothberg v. City of New York*, 803 F. Supp. 2d 155, 164–65 (E.D.N.Y. 2011) (quoting *Peries v. New York City Bd. Of Educ.*, No. 97-cv-7109, 2001 WL 1328921, at *6 (E.D.N.Y. Aug. 6, 2001)).

"In determining whether a plaintiff suffered a hostile work environment," a court "must consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Littlejohn*, 795 F.3d at 321 (quoting *Harris*, 510 U.S. at 23). "As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive. Isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness." *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) (quoting *Alfano*, 294 F.3d at 374) (internal quotation marks omitted). To survive a motion to dismiss, "a plaintiff need only plead facts sufficient to support the conclusion that she

was faced with 'harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse.'" *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003)).  The Second Circuit has "repeatedly cautioned against setting the bar too high in this context." *Id.* (quoting *Terry*, 336 F.3d at 148). "[T]he plaintiff also must show that the hostile conduct occurred because of a protected characteristic." *Tolbert*, 790 F.3d at 439.

Small has not adequately pleaded the existence of a hostile work environment.  Small alleges that over a seven-month period, one of his students called him gay, threated to "slap the gay out of [him]," called him a "gay n*****," slapped him in the face with an article of clothing, and wrote on an assignment "I am tired of this f****** work, gay f*****." Addendum ¶¶ 7–8.  Small reported each incident to Paul, but Paul took no action to discipline the student or otherwise attempt to correct the misbehavior.

The student's conduct was undoubtably offensive.  Even so, incidents of discrimination "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997) (quoting *Carrero v. New York City Housing Authority*, 890 F.2d 569, 577 (2d Cir. 1989)).  As pleaded, the five incidents over a seven-month period involving a single fourth grader in Small's class are not sufficiently severe or pervasive to support a hostile work environment claim.[2]  *See Barney v. H.E.L.P. Homeless Serv. Corp.*, No. 19-cv-5959, 2021 WL 4267629, at *15 (S.D.N.Y. Sept. 20, 2021) (holding that three conversations over a six-week period "during which [the plaintiff's supervisor] made offensive

---

[2] In addition to being episodic, Small had authority to discipline the offensive conduct of his fourth-grade student, which further undermines Small's hostile work environment claim.  *See Andersen v. Rochester City Sch. Dist.*, No. 09-cv-6259, 2011 WL 1458068, at *4 (W.D.N.Y. Apr. 15, 2011), *aff'd*, 481 F. App'x 628 (2d Cir. 2012) ("[A]s the relationship between the school district and the student is relevant in determining whether to hold the school district liable for a student's discriminatory conduct, the relationship between the student and the teacher who alleges such discrimination is also important, as teachers also generally have the ability to discipline students for inappropriate (or illegal) conduct." (citing *Peries*, 2001 WL 1328921, at *5–6)).

references to gender identity and sexual orientation" did not "rise to the level of 'severe or pervasive'"); *Sanderson*, 2020 WL 3100256, at *10 (dismissing a sex-based hostile work environment claim because "[n]o reasonable factfinder could find that the three" incidents of disparaging comments about the plaintiff's sexual orientation "were pervasive enough to create an objectively hostile work environment"); *Garcia v. NYC Health & Hosps. Corp.*, No. 19-cv-997, 2019 WL 6878729, at *7 (S.D.N.Y. Dec. 17, 2019) ("To be sure, the FAC describes an incident where Garcia was publicly questioned about his disability by his supervisor, four incidents where his supervisor yelled at or was aggressive towards him, and an incident where Garcia believes his supervisor referred to him as a 'f*****' in another language. But these isolated acts, however inappropriate, do not rise to the level of creating a hostile work environment under Title VII, even considering 'all the circumstances.'"); *DeLuca v. Sirius XM Radio, Inc.*, No. 12-cv-8239, 2017 WL 3671038, at *21 (S.D.N.Y. Aug. 7, 2017) (holding that a plaintiff's sexual-orientation hostile work environment claim did not survive summary judgment where the plaintiff testified that her supervisor "called her a 'd***,' disparagingly called her work 'gay,' . . . referred to another individual as a 'f*****[,]' . . . and called his own supervisor a 'f*****.'").

In addition, Small argues that the letter to file, negative evaluation, and notice of discontinuance that he received contributed to the hostile work environment. Opp'n at 10. However, as discussed above, Small fails to adequately allege that Defendants engaged in any of this conduct for a discriminatory reason. Therefore, this conduct cannot support Small's hostile work environment claim. *Tolbert*, 790 F.3d at 439. Accordingly, Small's hostile work environment claim under Title VII is dismissed.

### 3. Retaliation

Small's Title VII retaliation claim also fails. Title VII prohibits employers from discriminating against an employee because the employee "has opposed any practice made an

unlawful employment practice" by Title VII.  42 U.S.C. § 2000e-3(a).  To survive a motion to dismiss a retaliation claim, a plaintiff must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d 298, 309 (2d Cir. 2017) (quoting *Littlejohn*, 795 F.3d at 316).

Plaintiff's retaliation claim fails because he has not plausibly alleged that he participated in a protected activity.  "As to the 'protected activity' element of a Title VII . . . claim, the plaintiff need only 'have had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII . . . .'" *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 210 (2d Cir. 2006) (quoting *McMenemy v. City of Rochester*, 241 F.3d 279, 285 (2d Cir. 2001)).  "A plaintiff's belief on this point is not reasonable simply because he or she complains of something that appears to be discrimination in some form." *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013).  Interpreting Plaintiffs' submissions to raise the strongest argument they suggest, Plaintiff argues that he participated in two different protected activities:  (1) reporting his student's discriminatory behavior, and (2) filing an improper investigation grievance with his Union.  Neither constitutes a protected activity.

First, Plaintiff alleges that he was retaliated against "for reporting the inappropriate discriminatory behavior" of his student.  *See* Addendum ¶ 18.  Small's complaints regarding the student's conduct are not a protected activity.  "[N]ot every act by an employee in opposition to . . . discrimination is protected.  The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 135 (2d Cir. 1999) (quoting *Silver v. KCA, Inc.*, 586 F.2d 138, 141 (9th Cir. 1978)); *see also Melendez v. Cnty. of Westchester*, No. 17-cv-9637, 2021 WL 467085, at *10 (S.D.N.Y. Feb. 8, 2021) ("[T]o fall within Title VII's protection, an employee's opposition must be directed at an unlawful

employment practice of an employer, not an act of discrimination by a private individual." (internal

quotation marks omitted) (quoting *Braham v. State of New York Unified Ct. Sys.*, No. 94-cv-2193, 1998

WL 107117, at *3 (S.D.N.Y. Mar. 11, 1998))).

Here, Small only alleges that he complained about his student's harassment.  Because Small

only complained about the discriminatory conduct of his student—a child, not his employer—Small

could not reasonably believe that he was opposing an unlawful *employment practice*.  Even if Small

subjectively believed that Title VII made discriminatory comments by a fourth grader illegal, that

belief is not reasonable.  Thus, Small's complaints are not protected activity for purposes of his

retaliation claim under Title VII.

The Court observes that in *Berger-Rothberg v. City of New York*, the court held that a teacher's

complaint of student harassment constituted "protected activity" for purposes of a Title VII

retaliation claim.  803 F. Supp. 2d at 165–66 ("Plaintiff has produced evidence that she complained

about the discriminatory conduct of her students to school administrators on a regular basis,

beginning soon after she arrived at MS 226.  This satisfies prongs one and two of the test for

establishing retaliation: (1) that she participated in a protected activity, and (2) that Defendants knew

of the activity."); *see also Eubanks v. New York City Dep't of Educ.*, No. 18-cv-7877, 2021 WL 1110587,

at *14 (S.D.N.Y. Feb. 3, 2021), *report and recommendation adopted*, No. 18-cv-7877, 2021 WL 1105065

(S.D.N.Y. Mar. 23, 2021) (relying on *Berger-Rothberg* to conclude that a teacher's "written and verbal

complaints to administrators of students' harassment" were a protected activity).

The Court declines to follow *Berger-Rothberg* and *Eubanks*.  The court in *Berger-Rothberg* cited

no legal authority to support the proposition that complaints about a student's harassment

constitute protected activity and did not analyze whether the teacher's complaints opposed an

unlawful employment practice.  *See* 803 F. Supp. 2d at 165–66.  Thus, they are not persuasive

authority.

The complaint also fails to plausibly allege that Small's union grievance constitutes protected activity. "Filing a union grievance regarding discriminatory treatment is a protected activity." *Washington v. Garage Mgmt. Corp.*, No. 11-cv-3420, 2012 WL 4336163, at *17 (S.D.N.Y. Sept. 20, 2012). However, "union grievances that do not complain of discrimination do not constitute a protected activity." *Melie v. EVCI/TCI Coll. Admin.*, 374 F. App'x 150, 153 n.* (2d Cir. 2010) (summary order); *accord Saber v. New York State Dep't of Fin. Servs.*, No. 15-cv-5944, 2017 WL 985889, at *12 (S.D.N.Y. Mar. 10, 2017).

Small alleges that he filed an "improper investigation" grievance after receiving a disciplinary letter and being placed on a teacher improvement plan because of allegations of corporal punishment and verbal abuse. However, the complaint does not allege that Small filed the union grievance because he believed the investigation was motivated by discrimination. In fact, the complaint provides no other information regarding the content or nature of Small's union grievance. Without any allegations to support the conclusion that Small's union grievance opposed a practice made an unlawful employment practice by Title VII, Small's union grievance cannot provide the basis for his retaliation claim. *See Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, No. 18-cv-01790, 2020 WL 2131771, at *4 (S.D.N.Y. May 4, 2020) ("The facts alleged by Plaintiff indicate that he filed a union grievance for violation of the collective bargaining agreement in abolishing a class of teaching assistant positions, but there is no indication that the grievance alleged discrimination. Therefore, the filing of the group grievance does not qualify as protected conduct under Title VII." (citation omitted)). Because Small has not plausibly alleged that he participated in a protected activity, the Court grants Defendants' motion to dismiss Small's Title VII retaliation claim.

### B.   Supplemental Jurisdiction

The Court declines to exercise supplemental jurisdiction over Small's remaining state law claims under the NYSHRL and NYCHRL. The Court has discretion to hear such claims pursuant

to 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, under 28 U.S.C. § 1367(c)(3), the exercise of supplemental jurisdiction over a party's remaining state law claims is within the Court's discretion if it has "dismissed all claims over which it has original jurisdiction." The Second Circuit counsels against exercising supplemental jurisdiction in this circumstance:  "'[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.'"  *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) (quoting *Castellano v. Bd. of Trs.*, 937 F.2d 752, 758 (2d Cir. 1991)).  Further, "courts regularly decline jurisdiction over NYSHRL and NYCHRL claims once the federal employment claims have been dismissed." *Harris v. NYU Langone Med. Ctr.*, No. 12-cv-0454, 2014 WL 941821, at *2 (S.D.N.Y. Mar. 11, 2014) (collecting cases), *aff'd*, 615 F. App'x 49 (2d Cir. 2015).

Because the Court has dismissed all of Plaintiffs' federal claims and there is no other basis for federal jurisdiction over this case, the Court declines to exercise its supplemental jurisdiction over Small's NYSHRL and NYCHRL claims.  *See* 28 U.S.C. § 1367(c)(3).

## IV.    LEAVE TO AMEND

With the exception of Small's Title VII claims against Paul, the Court grants Small leave to replead his dismissed claims. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  While leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," those circumstances do not apply in this case. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citation omitted).  Any amended complaint must be filed no

later than twenty-one (21) days from the date of this order.

## V.   CONCLUSION

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

For the reasons described above, Defendants' motion to dismiss is GRANTED in full.  The

Clerk of Court is directed to terminate the motion pending at Dkt. No. 18.

SO ORDERED.

Dated:  February 7, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge