No. 21-Civ. 1527-GHW

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

TYRELL SMALL,

                                                                    Plaintiff,

                              - against -

NEW YORK CITY DEPARTMENT OF EDUCATION,
VALERIE PAUL,

                                                                    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-101(a)*
*New York, New York 10007*
*Special Assistant Corporation Counsel:*
*Susan Rubinstein*
*Donna A. Canfield*
*Tel.: (212) 356-2443*
*Matter No.: 2021-006728*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ......................................................................................................................... 6

    POINT I: THE NEW YORK CITY DEPARTMENT OF EDUCATION NOT THE CITY OF NEW YORK IS A PROPER PARTY TO THIS LITIGATION ................................................. 6

    POINT II: PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF DISCRIMINATION UNDER TITLE VII, THE NYSHRL, OR THE NYCHRL ....................................................... 7

    POINT III: PLAINTIFF FAILS TO STATE A PLAUSIBLE HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII, THE NYSHRL, OR THE NYCHRL ......... 11

    POINT IV: PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF RETALIATION UNDER TITLE VII, THE NYSHRL, OR THE NYCHRL ....................................................... 14

CONCLUSION ...................................................................................................................... 16

# **TABLE OF AUTHORITIES**

## **Cases**

*Ardigo v. J. Christopher Capital, L.L.C.*, 2013 U.S. Dist. LEXIS 41740
(S.D.N.Y. Mar. 25, 2013)………………………………………………………...13

*Berger-Rothberg v. City of N.Y.*, 803 F.Supp 2d 155, 165 (E.D.N.Y.2011)………………...…13

*Braham v. State of New York Unified Ct. Sys.*, No. 94-cv-2193, 1998 WL 107117
(S.D.N.Y. Mar. 11, 1998)………………………………………………………...…15

*Brook v. Overseas Media, Inc.*, 69 AD3d 444 (1st Dept 2010………………..………………...15

*Burlington N. & Sante F. Ry. Co. v. White*, 548 U.S. 53 (2006)………....…………………...15

*Cooper v NY State Dept. of Labor*, 819 F3d 678 (2d Cir 2016)………………..…..…..……...14

*Das v. Consol. Sch. Dist. of New Britain*, 369 F. App'x 186, 190 (2d Cir. 2010). ………..…...12

*Falchenberg v. New York City Dep't of Educ.*, 375 F. Supp.2d 344 (S.D.N.Y. 2005)………...6,7

*Faraci v. N.Y. State Off. of Mental Health*, 2013 N.Y. Slip Op 32613
(Sup. Ct., N.Y. County 2013)……..…………..………………..…………..…..……...14

*Fierro v. City of New York*, 591 F. Supp. 2d 431 (S.D.N.Y. 2008)
rev'd in part on other grounds, 341 F. App'x 696 (2d Cir. 2009)…………………………….6

*Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295 (2004)…..……………..…….…..……...14

*Garcia v NY City Health & Hosps. Corp.*, 19-cv-997 (PAE),
2019 U.S. Dist. LEXIS 219048, at *18 (S.D.N.Y. Dec. 17, 2019)……………………………13

*Graham v. Long Island R.R.*, 230 F.3d 34 (2d Cir. 2000)..………..…….……..…….…..……...9

*Haggood v. Rubin & Rothman, LLC*, No. 14-cv-341(SJF)(AKT),
2014 U.S. Dist. LEXIS 161674 (E.D.N.Y. Nov. 17, 2014)………..……………………...13

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)...………….……....……….…..…….…..……...11

*Hoag v Fallsburg Cent. Sch. Dist.*, 279 F.Supp 3d 465, 481 (S.D.N.Y.2017)………………...12

*Howley v. Town of Stratford*, 217 F.3d 141(2d Cir. 2000) …………………………..……...11

*Johnson v. City of N.Y.*, No. 18-CV-9600 (AJN), 2020 U.S. Dist. LEXIS 745240
(S.D.N.Y. Apr. 28, 2020) …………………………………..……………..……...7

*Karunakaran v Borough of Manhattan Community Coll.*, No. 18-cv-10723 (ER),
021 U.S. Dist. LEXIS 27455 (S.D.N.Y. Feb. 12, 2021)…..…………………………………10,13

*Leibowitz v. Cornell Univ.*, 584 F.3d 487 (2d Cir. 2009) …………….….…………….…….7

*Lekettey v. City of N.Y.*, 637 F. App'x 659 (2d Cir. 2016) …………….…………………..…11

*Littlejohn v. City of N.Y.*, 795 F.3d 297 (2d Cir. 2015) …………….…………………….…7, 11

*Lombardi v Choices Women's Med. Ctr., Inc.*, No. 15 CV 5542 (DLI) (CLP),
2017 U.S. Dist. LEXIS 11935, at *30 (E.D.N.Y. Jan. 26, 2017)…………………….………….9

*Mandell v. Cnty. of Suffolk*, 316 F.3d 368 (2d Cir. 2003) …………….………………..…….9

*Mansaray v Kraus Sec. Sys.*, No. 20-CV-1415 (RA), 2021 U.S. Dist. LEXIS
9802 (S.D.N.Y. Jan. 19, 2021…………………………………………………………..9

*McGuinness v. Lincoln Hall*, 263 F.3d 49 (2d Cir. 2001) …………….……………………….9

*Melendez v. Cnty. of Westchester*, No. 17-cv-9637, 2021 WL 467085
(S.D.N.Y. Feb. 8, 2021) …………………………………………………………………....15

*Melie v. EVCI/TCI Coll. Admin.*, 374 F. App'x 150 (2d Cir. 2010) …….……………………15,16

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102
(2d Cir. 2013)...……………………………………………………………..…………….…..8

*Moore v. City of New York*, 08 Civ. 8879, 2010 U.S. Dist. LEXIS 19183, 2010 WL 742981
(S.D.N.Y. Mar. 2, 2010) …………………………………………………..…………….…….6

*Perez v. City of New York*, 41 A.D.3d 378, 837 N.Y.S.2d 571
(N.Y. App. Div. 2007) ……………………………………………………….……………..…….7

*Peries v NY City Bd. of Educ.*, 97 CV 7109 (ARR), 2001 U.S. Dist. LEXIS
23393 (E.D.N.Y. Aug. 6, 2001) ……………………………………………………………12

*Pulizotto v. McMahon*, 406 F Supp 3d 277
(S.D.N.Y. 2019) …………………………………………………………………….....… 10

*Ruiz v. Cnty. of Rockland*, 609 F.3d 486 (2d Cir. 2010) …………….……………………….9

*Saber v. New York State Dep't of Fin. Servs.*, No. 15-cv-5944, 2017
WL 985889 (S.D.N.Y. Mar. 10, 2017) ……………………………………..……………….16

*Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d 298
(2d Cir. 2017) ………………………………………………………………………....14

*Smith v. HBO*, No. 12-CV-2177(MKB), 2013 U.S. Dist. LEXIS 73333
(E.D.N.Y. May 22, 2013)…………………………………………………………...13

*Stinnett v. Delta Air Lines, Inc*., No. 18-CV-2704 (DLI) (LB), 2019 U.S. Dist.
LEXIS 58145 (E.D.N.Y. Mar. 31, 2019) ………………….………………………….…….8

*Sutter v. Dibello*, No. CV 18- 817 (ADS) (AKT), 2019 U.S. Dist. LEXIS 136665
(E.D.N.Y. Aug. 12, 2019) ………………………………………………………….8, 10

*Taylor v. City of NY*, 207 F. Supp 3d 293 (S.D.N.Y. 2016) ……………………………..........15

*Thomson v. Odyssey House*, No. 14-CV-3857 (MKB), 2015 U.S. Dist. LEXIS
125887 (E.D.N.Y. Sep. 21, 2015) …………………………………..…………….…….8

*Tolbert v. Smith*, 790 F.3d 427 (2d Cir. 2015) …………………………..……………….…….13

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72
(2d Cir. 2015) ………………………………………………..……………………..……..7

*Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125 (2d Cir. 1999) ………………………….15

*Wright v. Monroe Community Hosp.*, 493 F. App'x 233
(2d Cir. 2012) ……………………………………………………..…………….……7, 12,14

Federal Statutes

Title VII of the Civil Rights Act of 1964…………………………………………………...1-17

State Statutes

New York City Human Rights Law, New York City Administrative Code
§§ 8-107 et seq....................................................................................................1,2,7,8,10,11,14

New York State Human Rights Law, New York Executive Law
§§ 290, et seq…………………………………………………………1,2,7,8,10,11,12,13,14

Rules

Federal Rule of Civil Procedure 12……………………………………………………………1

## PRELIMINARY STATEMENT

*Pro se* plaintiff ("Plaintiff"), Tyrell Small, a former probationary teacher employed by the New York City Department of Education until his termination in April 2020, claims that Defendants discriminated against him on the basis of the perception that he is gay in violation of Title VII of the Civil Rights Act of 1964, the New York State Executive Law § 296 (the "NYSHRL"), and New York City Administrative Code § 8-107 (the "NYCHRL"). *See* Am. Compl., ECF No. 25 at 3, Addendum ¶¶ 6, 10, 16, 19, 22, 28, 37, 39, 40, 47. Specifically, Plaintiff alleges that one of his students made comments regarding Plaintiff's sexual orientation and that the student was not disciplined after Plaintiff reported the student's conduct to the school administration. Plaintiff also contends that he was retaliated against following his reports to the administration by, among other things, being accused of and investigated for verbal abuse and corporal punishment, and having his probationary employment discontinued.

Defendants, the City of New York, the New York City Department of Education ("DOE") and Valerie Paul, respectfully submit this Memorandum of Law in support of its motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Specifically, and as set forth more fully below, Plaintiff's Amended Complaint should be dismissed on four (4) grounds: (1) The City is not a proper party to this litigation as the City cannot be liable for the acts of the DOE or its employees; (2) Plaintiff fails to state a plausible claim of discrimination under Title VII, the NYSHRL, or NYCHRL, as he does not set forth any circumstances from which an inference of discrimination can arise; (3) Plaintiff fails to plead a plausible hostile work environment claim under Title VII, the NYSHRL, or NYCHRL, as the handful of comments over a seven-month period from a single, fourth grade student, rather than from a supervisor or even coworker, are not sufficiently severe or pervasive, nor does Plaintiff

allege that Defendants engaged in any conduct for a discriminatory purpose; and (4) Plaintiff's retaliation claim fails under Title VII, the NYSHRL, or NYCHRL, because he has not plausibly alleged that he participated in a protected activity.

## STATEMENT OF FACTS

A.    Plaintiff's Various Teaching Assignments

Plaintiff first began teaching for the DOE at PS 237 in Brooklyn in September 2016. *See* Am. Compl., ECF No. 25 ("Amended Complaint") at Addendum ¶ 1. Plaintiff was rated "highly effective" during the 2016-2017 school year and "effective" during the 2017-2018 school year at PS 136 in Queens. *Id.* at ¶¶ 2-3. Plaintiff was excessed in the 2017-2018 as a result of budget cuts. *Id.* at ¶ 3. Plaintiff taught at PS 325 during the 2018-2019 school year and was rated "effective." *Id.* at ¶ 4. Plaintiff left PS 325 in Brooklyn and taught at PS 312 in Queens during the 2019-2020 school year. *Id.* at ¶ 5. The Principal of PS 312 during the 2019-2020 school year was Valerie Paul. *Id.* Plaintiff was initially assigned to teach a third-grade class, and then took over teaching a fourth grade class at Principal Paul's request. *Id.* at ¶ 5.

B.    Plaintiff's Allegations and Interactions with Student A.B. and Principal Paul

Plaintiff alleges that he has been "perceived as being gay by school administration and some of my colleagues because I display feminine qualities in the classroom and my voice is not very deep." *Id.* at ¶ 6. Plaintiff alleges that he has been told by other teachers at PS 312 that his sexuality is often discussed between teachers and administrators in the teacher's lounge. *Id.* at ¶ 7.

Plaintiff alleges that beginning in October 2019, Plaintiff's fourth grade student at PS 312, whom he identifies as A.B., began displaying behavioral issues. For example, he had a verbal and physical altercation with another student E.F., verbally attacked Ms. Dixon, another

teacher that was covering Plaintiff's class, and drew a picture of the school with Plaintiff's name crossed out and "I hate him" next to it. *Id.* at ¶ 8. Plaintiff alleges that following A.B.'s verbal attack on Ms. Dixon, Principal Paul asked Plaintiff to investigate the situation. Plaintiff alleges that he was then "spoken to" by Principal Paul because the other student's parent complained that it was Plaintiff's fault the students had an altercation leading to the attack on Ms. Dixon, even though Plaintiff claims he was not present at the time. Despite student A.B.'s conduct, Plaintiff states that Principal Paul did nothing to correct A.B.'s behavior and "allowed him to continue terrorizing the school." *Id.* at ¶ 9.

Plaintiff also contends that A.B., called him "gay" in October 2019, and that on January 22, 2020 this student threatened to "slap the gay out of [Plaintiff]." *Id.* at ¶¶10, 19. Plaintiff alleges that he reported both incidents to Principal Paul but A.B. was not disciplined. *Id.* at ¶ 19. Notably, based on the allegations in the Complaint, it does not appear that Plaintiff did anything to discipline his student, such as removing him from class, conducting parent outreach, or meeting with the student to address his or her behavior. *See* generally Complaint. Plaintiff claims that after he reported the October 2019 incident, Principal Paul asked Plaintiff "what did you do to him?" *Id.* at ¶ 10. Plaintiff alleges this student also referred to Plaintiff as a "gay nigger" sometime in January or February 2020 and hit Plaintiff in the face with an article of clothing on February 7, 2020. *Id.* at ¶ 37. Plaintiff maintains that he reported these incidents but claims that the student was not disciplined. *Id.*

Plaintiff maintains that after reporting the incident involving A.B., he believes that Principal Paul's behavior towards him changed. As examples, Plaintiff alleges that Principal Paul would "yell" at him in the presence of others, with "threatening" and "very aggressive body language," and would undermine his disciplinary decisions regarding students. *Id.* at ¶¶ 12-14,

3

18-19.  Plaintiff also claims that "sometime between January and February 2020," two parents told

him that Principal Paul questioned them about him, and that Principal Paul told them that she did

not like Plaintiff because he was gay.  *Id*. at ¶22.

Sometime in March, Plaintiff claims a student wrote "suck dick" and "401 bitches"

on a bathroom sign.  Plaintiff states that he reported the incident to Principal Paul and that she did

nothing in response.  *Id*. at ¶ 30.  On March 10, 2020, Plaintiff filed a grievance against Principal

Paul for improper investigation, presumably challenging her failure to investigate the inappropriate

writings on the bathroom sign, and a Step 1 grievance meeting was held on March 13, 2020.  *Id.*

at ¶ 31.

  C. Plaintiff's Classroom Observations, Discipline, and Discontinuance

Principal Paul rated Plaintiff effective in classroom observations on November 4,

2019 and January 14, 2020.  *Id.* at ¶ 11. On February 16, 2020, Plaintiff received a notice, dated

February 13, 2020, which scheduled a disciplinary meeting for February 26, 2020.  *Id.* at ¶ 24.

This disciplinary meeting was in relation to allegations of corporal punishment and verbal abuse

involving allegations that Plaintiff pushed student A.B.  *Id.* at ¶ 25.  Plaintiff claims that during

the disciplinary meeting, Principal Paul "coerced [his] testimony and explicitly told [him] what

[he] should not say," and that Principal Paul never spoke to any adult witnesses or A.B.'s mother

regarding the allegations against Plaintiff.  *Id*. at ¶¶ 26-28.  On February 27, 2020, Plaintiff

received a disciplinary letter memorializing the allegations of corporal punishment and verbal

abuse.  *Id.* at ¶ 25.

On February 28, 2020, Plaintiff was placed on a teacher improvement plan ("TIP").

*Id.* at ¶ 29. Plaintiff was again observed on March 10, 2020 by Principal Paul, and was shown a

draft observation report in which Plaintiff was rated developing or ineffective in all categories. *Id.*

at ¶ 35. On March 20, 2020, Plaintiff received a notice of discontinuance, effective April 20, 2020. *Id.* at ¶ 37. Plaintiff alleges that probationary teachers Rashaad Simpson, Dana Segui, and Amanda Giarrizzo, who are not perceived as gay but engaged in "behavior similar to [Plaintiff's] behavior," did not have their probationary employment discontinued. *Id.* at ¶39. Plaintiff claims that on April 15, 2020, while teaching remotely, he received some classwork from student A.B. which stated, "I am tired of this fucking work, gay faggot." *Id.* at ¶ 37. Plaintiff alleges the student was not disciplined after Plaintiff reported this incident. *Id.* Plaintiff was discontinued effective April 20, 2020. *See Id.* at ¶ 38. Finally, Plaintiff claims that he was replaced by two women, Joyce McNeil and Marissa Fisher, who are both married to men. *Id.* at 40.

      D.      Procedural History

      On February 19, 2021, Plaintiff filed this action. ECF No. 2. On March 2, 2021, the Court dismissed Plaintiff's claims against the DOE and added the City of New York as a defendant under Fed. R. Civ. P. 21. ECF No. 6.

      On July 6, 2021, Defendants moved to dismiss the Complaint. ECF No. 18. On February 7, 2022, after considering the parties' submissions, the Court dismissed the Complaint, and except for Plaintiff's Title VII claims against Defendant Paul, *sua sponte*, granted Plaintiff leave to file an amended complaint within twenty-one days of the date of the order. *See* Memorandum Opinion Order, ECF No. 24 at 18-19. On February 28, 2022, Plaintiff amended his Complaint. *See* Complaint and Am. Compl., ECF Nos. 2, 25.

      Defendants now move to dismiss the Amended Complaint in its entirety.

**ARGUMENT**

**POINT I**

**THE NEW YORK CITY DEPARTMENT OF
EDUCATION NOT THE CITY OF NEW YORK
IS A PROPER PARTY TO THIS LITIGATION**

Plaintiff's claims are against DOE, not the City.  The City remains a separate legal

entity from DOE.  *See Fierro v. City of New York*, No. 12-CV-3182 (AKH), 2013 U.S. Dist. LEXIS

126360, 2013 WL 4535465, at *2 (S.D.N.Y. Apr. 22, 2013) ("[D]epartments of the City of New

York typically, perhaps uniformly, have been created by the City Charter, which does not create a

New York City Department of Education.") (internal citations omitted).  Further, Plaintiff has

made no allegations that the City engaged in wrongful conduct.  *See Bromfield-Thompson v. Am.*

*Univ. of Antigua/Manipal Educ. Ams. LLC*, 2020 U.S. Dist. LEXIS 189222, *16, 2020 WL

6048902 (S.D. N.Y. October 13, 2020) (dismissing claims against one defendant that "remains a

separate legal entity" from another defendant where the plaintiff had "made no allegations that

[the first defendant] engaged in wrongful conduct") (internal citations omitted); *Williams v. N.Y.C.*

*Dep't of Educ.*, No. 12 Civ. 8518, 2013 U.S. Dist. LEXIS 133631, 2013 WL 5226564, at *9

(S.D.N.Y. Sept. 17, 2013) citing *Moore v. City of New York*, 08 Civ. 8879, 2010 U.S. Dist. LEXIS

19183, 2010 WL 742981 (S.D.N.Y. Mar. 2, 2010) ("Case law makes clear that the City cannot be

liable for the acts of the DOE or its employees"); *Fierro v. City of New York*, 591 F. Supp. 2d 431,

446 (S.D.N.Y. 2008) rev'd in part on other grounds, 341 F. App'x 696 (2d Cir. 2009) ("Because

plaintiff alleges acts committed by the DOE and its employees, the City of New York is not a

proper party"); *Dimitracopoulos v. City of New York*, 26 F. Supp. 3d 200, 212-13 (E.D.N.Y. 2014)

citing *Falchenberg v. New York City Dep't of Educ.*, 375 F. Supp.2d 344, 347 (S.D.N.Y. 2005)

(dismissing teacher's complaint against the city "in the absence of any allegations demonstrating

participation by the City"); *Perez v. City of New York*, 41 A.D.3d 378, 379, 837 N.Y.S.2d 571 (N.Y. App. Div. 2007) (dismissing student's claim against the City because "the City cannot be held liable for [DOE's] alleged torts").[1]

Plaintiff's claims against the City must therefore be dismissed.

### POINT II

### PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM OF DISCRIMINATION UNDER TITLE VII, THE NYSHRL, OR NYCHRL

"[I]n a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015); *Johnson v. City of N.Y.*, No. 18-CV-9600 (AJN), 2020 U.S. Dist. LEXIS 74524, at *10 (S.D.N.Y. Apr. 28, 2020) (discussing perceived sexual orientation claim). "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *See Littlejohn v. City of N.Y.*, 795 F.3d 297, 312 (2d Cir. 2015) (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009). Claims under the NYSHRL are subject to the same standards as Title VII. *See Wright v. Monroe Community Hosp.*, 493 F. App'x 233, 234 (2d Cir. 2012).

---

[1] On March 2, 2021, the Court dismissed Plaintiff's claims against the DOE and added the City of New York as a defendant under Fed. R. Civ. P. 21. Dkt. No. 6. In view of the foregoing, the caption should reflect the New York City Department of Education not the City of New York, as a named Defendant.

NYCHRL claims must be analyzed separately from claims under federal law or the NYSHRL. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc*., 715 F.3d 102, 112, 113 (2d Cir. 2013). The pleading requirements under the NYCHRL for both a claim of discrimination and hostile work environment are identical. *See Thomson v. Odyssey House*, No. 14-CV-3857 (MKB), 2015 U.S. Dist. LEXIS 125887, at *70-71 (E.D.N.Y. Sep. 21, 2015)("Under the NYCHRL, a hostile work environment claim is a form of gender discrimination, and analyzed under the same standard"); *see also Sutter v. Dibello*, No. CV 18- 817 (ADS) (AKT), 2019 U.S. Dist. LEXIS 136665, at *66 (E.D.N.Y. Aug. 12, 2019)(applying identical standard to claims of discrimination and hostile work environment).  At the motion to dismiss stage a Plaintiff must still plausibly plead under the NYCHRL facts supporting an inference that they have been treated less well than other employees *because of* their gender.  *See Stinnett v. Delta Air Lines, Inc*., No. 18-CV-2704 (DLI) (LB), 2019 U.S. Dist. LEXIS 58145, at *18 (E.D.N.Y. Mar. 31, 2019). Where a plaintiff fails to allege facts supporting an inference that plaintiff was treated less well on the basis of his or her protected class, both hostile work environment and discrimination claims fail under the NYCHRL. *See Sutter v. Dibello*, 2019 U.S. Dist. LEXIS 136665, at *66.

Here, while plaintiff has adequately pleaded in the amended complaint that he is a member of a protected class based on his perceived sexual orientation, he does not plausibly allege that Defendants discriminated against him due to his perceived sexual orientation.  Plaintiff does not set forth any circumstances from which an inference of discrimination can arise. *Littlejohn*, 795 F.3d at 312. Plaintiff does not link Principal Paul's criticism of his performance to his perceived sexual orientation.  Other than speculation and hearsay, Plaintiff also fails to allege that

Principal Paul made any reference to Plaintiff's perceived sexual orientation when interacting with plaintiff.[2] *Id.*

A plaintiff alleging that her "employer treated her less favorably than a similarly situated employee outside her protected group" must allege that "she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Littlejohn*, 795 F.3d at 312 (quoting *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)). "An employee is similarly situated to co-employees if they were (1) 'subject to the same performance evaluation and discipline standards' and (2) 'engaged in comparable conduct.'" *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 493–94 (2d Cir. 2010) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)).  The alleged comparator must be similar enough "to support at least a minimal inference that the difference of treatment may be attributable to discrimination." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001). Here, Plaintiff's allegations lack any information about the alleged comparators, i.e., the individuals with whom he seeks to compare himself, beyond that they are outside of Plaintiff's protected class and were treated differently. Plaintiff names comparators, *See* Am. Compl., ECF No. 25 at Addendum ¶¶ 39 – 44, but he does not set forth allegations that the comparators engaged in similar conduct. While Plaintiff claims that some of the comparators "screamed", *Id.* at ¶41, and "physically moved students," *Id.* at ¶43, Plaintiff fails to allege that any of the comparators were similarly accused of physically or verbally abusing their students.  Because Plaintiff has not alleged in his amended complaint that the probationary

---

[2] In addition, Plaintiff alleges he was hired and discontinued within the same year while Principal Paul remained principal of PS 312. To the extent these allegations support an application of the same actor inference this would cut against an inference of discrimination. *See Mansaray v Kraus Sec. Sys.*, No. 20-CV-1415 (RA), 2021 U.S. Dist. LEXIS 9802, at *12 (S.D.N.Y. Jan. 19, 2021)(applying same actor inference under Title VII and concluding no plausible inference of discrimination exists); *see also Lombardi v Choices Women's Med. Ctr., Inc*., No. 15 CV 5542 (DLI) (CLP), 2017 U.S. Dist. LEXIS 11935, at *30 (E.D.N.Y. Jan. 26, 2017).

teachers were similarly situated to him in all material respects, Plaintiff's allegations do not support an inference of discrimination based on his perceived sexual orientation. *See Karunakaran v Borough of Manhattan Community Coll.*, No. 18-cv-10723 (ER), 2021 U.S. Dist. LEXIS 27455, at *21 (S.D.N.Y. Feb. 12, 2021). ("Simply arguing that employees not in her protected groups were treated differently is not sufficient without pleading additional details about specific events and without pleading additional facts that [Plaintiff] was similarly situated in all material respects to those comparator employees.").

Plaintiff also alleges that he has been "replaced by Joyce McNeil and Marissa Fisher, both are women married to males." Plaintiff reaches the highly speculative conclusion that because [t]hey are heterosexual individuals who have children they are not perceived as gay. *See* Am. Compl., ECF No. 25 at Addendum ¶¶ 40, 47.  With no other facts, Plaintiff's conclusory claims do not support an inference of discrimination.  Particularly, whereas in this case, there are no allegations that McNeil or Fisher were not qualified to replace Plaintiff, or that they were treated more favorably than Plaintiff despite engaging in similar conduct.  As such, there is no inference of discrimination.

Since Plaintiff fails to plead factual allegations that support a minimal inference of discriminatory motivation for any of Defendants' conduct, Plaintiff's perceived sexual orientation discrimination claims fail under all statutes, as does his hostile work environment claim. *See Pulizotto v. McMahon*, 406 F Supp 3d 277, 302 (S.D.N.Y. 2019)("The Complaint contains no allegations that McMahon's 'perceptions of his job performance were animated by discriminatory animus' or that 'co-workers with similar job skills, but without his protected characteristics were perceived as more effective employees.'"); *see also Sutter v. Dibello*, 2019 U.S. Dist. LEXIS

136665, at *66 ("there are no allegations in the Amended Complaint plausibly connecting any action taken against Plaintiff to either her race or her sex.")

Accordingly, as Plaintiff has failed to set forth a plausible claim of discrimination under Title VII, the NYSHRL or NYCHRL those claims must be dismissed.

### POINT III

### PLAINTIFF FAILS TO STATE A PLAUSIBLE HOSTILE WORK ENVIRONMENT CLAIM UNDER TITLE VII, THE NYSHRL, OR NYCHRL

Under Title VII "A hostile work environment claim requires a plaintiff to show that (1) 'the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and (2) 'a specific basis exists for imputing the conduct that created the hostile environment to the employer.'" *See Lekettey v. City of N.Y.*, 637 F. App'x 659, 661 (2d Cir. 2016) (quoting *Howley v. Town of Stratford*, 217 F.3d 141, 153-54 (2d Cir. 2000)). Claims under the NYSHRL are subject to the same standards as Title VII. *See Wright v. Monroe Community Hosp.*, 493 F. App'x 233, 234 (2d Cir. 2012).

The conduct complained of must be severe or pervasive enough that a reasonable person would find the environment hostile or abusive, and the victim must subjectively perceive the environment as hostile or abusive. *See Littlejohn v. City of NY*, 795 F.3d 297, 321 (2d Cir. 2015). "In determining whether a plaintiff suffered a hostile work environment, we must consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris*

11

*v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)). While a single incident of sufficient severity could support a hostile work environment claim, that "incident [must] constitute an intolerable alteration of the plaintiff's working conditions, so as to substantially interfere with or impair his ability to do his job." *See Wright*, 493 F. App'x 233, 235 (internal citations and quotations omitted).

The Second Circuit has declined to address whether conduct of a student can support a hostile work environment claim under Title VII. *See Das v. Consol. Sch. Dist. of New Britain*, 369 F. App'x 186, 190 (2d Cir. 2010). However, some courts in this Circuit have applied the standard set forth in *Peries v NY City Bd. of Educ.*, 97 CV 7109 (ARR), 2001 U.S. Dist. LEXIS 23393, at *18-19 (E.D.N.Y. Aug. 6, 2001), which requires a Plaintiff demonstrate "that a hostile environment existed and second that the school board either provided no reasonable avenue of complaint or knew of the harassment and failed to take appropriate remedial action." *See Karunakaran v Borough of Manhattan Community Coll.*, No. 18-cv-10723 (ER), 2021 U.S. Dist. LEXIS 27455, at *21 (S.D.N.Y. Feb. 12, 2021).

Plaintiff has not adequately pleaded the existence of a hostile work environment. The comments alleged by Plaintiff, taking place over a seven-month period, are not sufficiently severe or pervasive to establish a hostile work environment claim under either Title VII or the NYSHRL.[3]   Specifically, the comments over a seven-month period of a single, fourth grade student, rather than a supervisor or even coworker—who in October 2019 called Plaintiff gay, *See* Am. Compl., ECF No. 25, Addendum ¶10, threatened to "slap the gay out of [him]," on January

---

[3] It is unclear whether a student-on-teacher harassment claim is available under the NYSHRL, as neither the Second Circuit nor the Appellate Courts of the State of New York have ruled on this issue. *But see Berger-Rothberg v. City of N.Y.*, 803 F.Supp 2d 155, 165 (E.D.N.Y.2011); *Hoag v Fallsburg Cent. Sch. Dist.*, 279 F.Supp 3d 465, 481 (S.D.N.Y.2017). However, for purposes of completeness, Defendants address this claim under both Title VII and the NYSHRL.

22, 2020 *Id.,* ¶19, slapped him in the face with an article of clothing on February 7, 2020  , *Id.,* ¶23, in January or February of 2020 called him a "gay n*****," *Id.,* ¶37, and on April 15, 2020 wrote on an assignment "I am tired of this f****** work, gay f*****," *Id.,* ¶37—are not sufficiently severe or pervasive to establish a hostile work environment claim under either Title VII or the NYSHRL. Courts have found that a handful of isolated comments are insufficient to support a hostile work environment. *See Smith v. HBO*, No. 12-CV-2177(MKB), 2013 U.S. Dist. LEXIS 73333, at *12 (E.D.N.Y. May 22, 2013)("The three comments made by Davis to Plaintiff are simply not sufficiently severe or pervasive to establish a hostile work environment claim."); *see also Ardigo v. J. Christopher Capital, L.L.C.*, 2013 U.S. Dist. LEXIS 41740, at *13 (S.D.N.Y. Mar. 25, 2013)(dismissing claim where Plaintiff alleged three statements over several months); *Haggood v. Rubin & Rothman, LLC*, No. 14-cv-341(SJF)(AKT), 2014 U.S. Dist. LEXIS 161674, at *47 (E.D.N.Y. Nov. 17, 2014)(finding four comments by two coworkers insufficient). Courts have applied similar standards in evaluating allegations of student conduct.  *See Karunakaran*, 2021 U.S. Dist. LEXIS 27455, at *21 (finding allegations that single student became verbally and physically aggressive did not meet threshold of severity and pervasiveness); *Garcia v NY City Health & Hosps. Corp.*, 19-cv-997 (PAE), 2019 U.S. Dist. LEXIS 219048, at *18 (S.D.N.Y. Dec. 17, 2019)(dismissing hostile work environment claim where supervisor allegedly referred to plaintiff as a "faggot," questioned Plaintiff publicly regarding his disability, and yelled at Plaintiff on four occasions).

In addition, Plaintiff argues that the letter to file, negative evaluation, weekly intimidating meetings, and notice of discontinuance that he received contributed to the hostile work environment. However, as discussed above, Plaintiff fails to adequately allege that Defendants engaged in any of this conduct for a discriminatory reason. Therefore, this conduct

cannot support Plaintiff's hostile work environment claim. *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015).

Accordingly, Plaintiff's hostile work environment claim under Title VII, the NYSHRL or NYCHRL must be dismissed.

### POINT IV

### PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CLAIM OF RETALIATION UNDER TITLE VII, NYSHRL OR NYCHRL

Title VII prohibits employers from discriminating against an employee because the employee "has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). To survive a motion to dismiss a retaliation claim, a plaintiff must allege "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d 298, 309 (2d Cir. 2017) (quoting Littlejohn, 795 F.3d at 316). Claims under the NYSHRL are subject to the same standards as Title VII. *See Wright v. Monroe Community Hosp.*, 493 F. App'x 233, 234 (2d Cir. 2012); *see also Faraci v. N.Y. State Off. of Mental Health*, 2013 N.Y. Slip Op 32613[U], *10 (Sup. Ct., N.Y. County 2013) (analyzing NYCHRL) (citing *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 310 [2004]).

Participation in a protected activity under Title VII and the NYSHRL does not require that the underlying conduct Plaintiff complains of violate the statue, but requires a plaintiff allege they opposed conduct of their employer which they "possessed a good faith, reasonable belief," violated the statute. *See Cooper v NY State Dept. of Labor*, 819 F3d 678, 680-681 (2d Cir 2016). Similarly, under the NYCHRL protected activity includes "opposing or complaining about

unlawful discrimination" *See Brook v. Overseas Media, Inc.,* 69 AD3d 444, 445 (1st Dept 2010)(citations omitted).  An adverse action in the retaliation context must be one that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *See Taylor v. City of NY*, 207 F. Supp 3d 293, 307 (S.D.N.Y. 2016) (quoting *Burlington N. & Sante F. Ry. Co. v. White*, 548 U.S. 53, 77 (2006)).

   Plaintiff's retaliation claim fails because he has not plausibly alleged that he participated in a protected activity.  Plaintiff argues that he participated in two different protected activities: (1) reporting his student's discriminatory behavior, and (2) filing an improper investigation grievance with his Union.  But neither of these activities constitutes a protected activity.  *Wimmer v. Suffolk Cnty. Police Dep't*, 176 F.3d 125, 135 (2d Cir. 1999), see also *Melendez v. Cnty. of Westchester*, No. 17-cv-9637, 2021 WL 467085, at *10 (S.D.N.Y. Feb. 8, 2021) ("[T]o fall within Title VII's protection, an employee's opposition must be directed at an unlawful *employment practice of an employer*, not an act of discrimination by a private individual." *Braham v. State of New York Unified Ct. Sys.*, No. 94-cv-2193, 1998 WL 107117, at *3 (S.D.N.Y. Mar. 11, 1998). (emphasis added). Here, Plaintiff only claims that he complained about his *student's* abusive behavior, not about *his employer,* Plaintiff was not opposing an unlawful *employment practice*. As such, Plaintiff's complaints regarding student A.B. are not protected activity for purposes of his retaliation claim under Title VII.

   Nor does plaintiff plausibly allege in the amended complaint that his union grievance constitutes protected activity. The complaint does not allege that Plaintiff filed the union grievance because he believed the investigation was motivated by discrimination. In fact, the amended complaint is devoid of any information regarding the content or nature of Plaintiff's union grievance, and "union grievances that do not complain of discrimination do not constitute a

protected activity." *Melie v. EVCI/TCI Coll. Admin.*, 374 F. App'x 150, 153 n.* (2d Cir. 2010) (summary order); accord *Saber v. New York State Dep't of Fin. Servs.*, No. 15-cv-5944, 2017 WL 985889, at *12 (S.D.N.Y. Mar. 10, 2017). Accordingly, the filing of the grievance does not qualify as protected conduct under Title VII.

Accordingly, because Plaintiff has not plausibly alleged that he participated in a protected activity, the Court should dismiss Plaintiff's Title VII retaliation claim.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that their motion to dismiss Plaintiff's Amended Complaint be granted in its entirety, that the Amended Complaint be dismissed with prejudice, that judgment be entered for Defendants, and that Defendants be granted costs, fees, and expenses together with such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            April 29, 2022

                          **HON. SYLVIA O. HINDS-RADIX**
                          *Corporation Counsel of the City of New York*
                          Attorney for Defendant
                          100 Church Street, Room 2-101(a)
                          New York, New York 10007
                          (212) 356-2443
                          srubins@law.nyc.gov

                          By:    /s/
                                 Susan Rubinstein
                                 *Special Assistant Corporation Counsel*

CC by ECF:

      Tyrell Small, Pro Se

16