```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
TYRELL SMALL, :
:
                            Plaintiff, :    1:21-cv-1527-GHW
:
     -v - :    ORDER
:
NEW YORK CITY DEPT. OF EDUCATION and :
VALERIE PAUL, :
:
                          Defendants. :
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    The Court has received Defendants' April 29, 2022 motion to dismiss, Dkt. Nos. 33–34. Plaintiff's opposition to Defendant's motion is due no later than May 27, 2022. Defendants' reply, if any, is due no later than one week following service of Plaintiff's opposition.

    Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery "for good cause." Fed. R. Civ. P. 26(c). When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including "(1) whether a defendant has made a strong showing that the plaintiff s claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Negrete v. Citibank*, N.A., No. 15-cv-7250, 2015 WL 8207466 (S.D.N.Y. Dec. 7, 2015). Applying these factors, the Court finds that a continued stay of discovery is appropriate in this case. Defendants' motion to dismiss appears to have substantial grounds and there is no indication that Plaintiff will be unfairly prejudiced by a stay. Accordingly, discovery will remain stayed pending the briefing and resolution of Defendants' April 29, 2022 motion to dismiss.

    Finally, Defendants' argue in their motion to dismiss that the New York City Department of Education (the "NYCDOE") is the proper party to this litigation, rather than the City of New York.

However, the City of New York is not currently named as a Defendant. Plaintiff's amended complaint, Dkt. No. 25, asserts claims against the NYCDOE and Valerie Paul, and the caption of the case reflects that the NYCDOE and Valerie Paul are the only Defendants in this case. Accordingly, the Court understands that the parties agree that the NYCDOE is correctly named as a Defendant in this case and that no further action is required.

    SO ORDERED.

Dated: May 2, 2022
       New York, New York

_____
GREGORY H. WOODS
United States District Judge